UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RAHUAL W.,**

    **Plaintiff,**

v.                                           Civil Action No. 2:25cv49

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court is the Commissioner of the Social Security Administration's ("the Commissioner") Motion to Dismiss for Failure to Prosecute ("Motion to Dismiss") and accompanying memorandum in support, filed on March 14, 2025. ECF Nos. 12, 13. Plaintiff Rahual W. timely filed a response on April 1, 2025, ECF No. 15, and the Commissioner filed a reply, ECF No. 17. Therefore, the Motion to Dismiss is ripe for recommended disposition. After reviewing the briefs, the undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the reasons explained below, the undersigned **RECOMMENDS** that the Commissioner's Motion to Dismiss, ECF No. 12, be **DENIED**, and that the Court appoint an attorney to represent Plaintiff.

## I. PROCEDURAL BACKGROUND

Plaintiff filed this civil action seeking judicial review of the decision of the Administrative Law Judge for the Social Security Administration pursuant to 42 U.S.C. § 405(g). *See* ECF No. 3. Following receipt of the Administrative Record, ECF No. 9, on January 24, 2025, the Court entered a briefing order setting forth Plaintiff's deadline to file his brief for the requested relief, the Commissioner's deadline to file his brief for the requested relief, and Plaintiff's deadline to

file a reply brief. ECF No. 11. Pursuant to the briefing order, Plaintiff was required to file a brief for the requested relief on or before February 24, 2025, and Plaintiff did not do so. *Id.* at 1.

On March 14, 2025, The Commissioner filed the Motion to Dismiss and a memorandum in support. ECF Nos. 12, 13. Therein, the Commissioner argues that under Federal Rule of Civil Procedure 41(b) the Court must consider four factors to dismiss a complaint for failure to prosecute, and here, each factor weighs in favor of dismissal. ECF No. 13 at 1–3. On April 1, 2025, Plaintiff filed a response to the Motion to Dismiss. ECF No. 15. Plaintiff's handwritten response reads:

> To Whom it May Concern,
> []
>
> I am writing this letter on behalf of Mr. Rahul Williams regarding a response to defend[a]nt['s] motion to dismiss. He is asking that you please reconsider this dismissal because on October 21, 2024, he had submitted documents at that time which he thought was the brief that was needed. He is resubmitting the paperwork again and asking the court to please review and accept. He did not unwillingly send what was asked of him, and considering his mental status he couldn't remember exactly what was already given to the state.

*Id.* at 1. Though the response is written in the third person, it bears Plaintiff's printed name as the signature. *Id.* Additionally, Plaintiff attached a number of pages to his response, including the following: a letter dated October 21, 2024, which is again is written in the third person but bears Plaintiff's printed name as the signature; pages from the ALJ's decision; and a page from Plaintiff's medical record. *Id.* at 2–7. The pages were originally filed with the Court on October 25, 2024, in connection with Plaintiff's proposed complaint. *See* ECF No. 1, attach. 2. The Commissioner filed a reply in support of his Motion to Dismiss on April 3, 2025, arguing that Plaintiff's response does not offer sufficient cause to avoid dismissal. ECF No. 17.

## II. ANALYSIS

*1. At this Stage, it is Not Appropriate to Dismiss this Action for Failure to Prosecute.*

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). In determining whether dismissal is appropriate, the court must evaluate: (1) the degree of personal responsibility of the plaintiff for failing to respond; (2) prejudice to the defendant as a result of the delay; (3) whether there is a history of the plaintiff proceeding in a dilatory fashion; and (4) the effectiveness of less drastic sanctions. *Id.*

After considering the factors, the Court finds that dismissal is not appropriate in this case. First, while Plaintiff bears personal responsibility for failing to file the appropriate brief, Plaintiff is a *pro se* litigant and his pleadings are afforded liberal construction. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Plaintiff filed a timely response to the Commissioner's Motion to Dismiss, demonstrating that he desires to pursue his claim. In Plaintiff's response, either Plaintiff or an unknown third-party represents that Plaintiff believed he submitted the necessary paperwork, and "considering his mental status, he couldn't remember exactly what was already given to the state." ECF No. 15 at 1. The Commissioner contends that Plaintiff's response does not demonstrate any excusable neglect for failing to comply with the Court's briefing order, and that "Plaintiff or his representative, either ignored or disregarded the scheduling order or at a minimum made no effort to clarify whether additional submissions were required. . . . " ECF No.

3

17 at 3–4. However, as noted by the Commissioner, the ALJ found Plaintiff to be disabled after April 1, 2023, due in large part to communication deficits, major neurocognitive disorder, and Alzheimer's. ECF No. 17 at 1 n.1; *id.* at 2 n.3. While Plaintiff bears a degree of personal responsibility for failing to respond, it appears to the Court that his current disability played a role in his failure to submit the appropriate brief for the requested relief. Accordingly, this factor does not weigh in favor of dismissal.

Second, there is some prejudice to the Commissioner as a result of the delay. Absent a brief from Plaintiff that addresses whether the ALJ applied the correct legal standard, and whether the decision was supported by substantial evidence, the Commissioner is unable to address the merits of the Plaintiff's claim. That said, the Plaintiff's brief was due on February 24, 2025, and the Commissioner was able to file his Motion to Dismiss by March 14, 2025. Because the Commissioner has not spent significant resources litigating this case thus far other than filing the motion to dismiss and reply, this factor weighs only slightly in favor of dismissal.

Third, as a social security disability appeal, there is no general history of Plaintiff proceeding in this action in a dilatory fashion. To the contrary, although Plaintiff did fail to file a brief for the requested relief, Plaintiff timely filed a response to the Commissioner's Motion to Dismiss. Given Plaintiff's response, the Court will *not*, as the Commissioner argues, "expect only further delay should the case proceed." ECF No. 13 at 2 (quoting *Huntington v. Colvin*, Civ. No. 15-83, 2015 WL 5474272, at *2 (D. Md. Sept. 15, 2015)). Moreover, because the Court is recommending appointment of counsel in this action (*see* Section II.2, *infra*), the Court should not expect further delay should this action continue. As such, this factor does not weigh in favor of dismissal.

4

Fourth and finally, there are less drastic sanctions that the Court finds would be effective. Plaintiff is now on notice that his brief was insufficient, and given his mental status, a less drastic sanction would be to allow Plaintiff another opportunity to submit a brief with the benefit of an attorney. Because the Court can impose less drastic sanctions, this factor weighs against dismissal.

After considering the factors required to evaluate whether dismissal of this action is appropriate, the Court finds that dismissal for failure to prosecute is not appropriate at this stage. Plaintiff's current disability and filings thus far suggest that he is unable to litigate this matter himself, and dismissing the action of a *pro se* litigant who is currently under a disability due to cognitive impairments is an unduly harsh sanction. The Court therefore **RECOMMENDS** that the Commissioner's Motion to Dismiss, ECF No. 12, be **DENIED**. Nonetheless, this action must proceed in a manner that allows the Commissioner to address Plaintiff's claim. As explained in further detail below, the Court further recommends Plaintiff be appointed counsel to present his claim for relief.

*2. The Court Recommends Appointing Counsel for Plaintiff Due to His Current Disability.*

While 28 U.S.C. § 1654 allows an individual to proceed *pro se*, an individual who is not licensed as an attorney may not appear on someone else's behalf. *Bass v. Carr*, No. 2:21cv448, 2021 WL 5987794, at *2 (E.D. Va. Dec. 17, 2021) (citing *Gallo v. United States*, 331 F. Supp. 2d 446, 447 (E.D. Va. 2004)). Here, although signed by Plaintiff, Plaintiff's submission is written in the third person, suggesting that an unknown individual may be attempting to litigate this matter on behalf of Plaintiff. *See* ECF No. 15. The Commissioner contends that Plaintiff's "current cognitive status . . . is an additional reason not to permit Plaintiff's case to be litigated by a nonattorney third party." ECF No. 17 at 2 n.3. The Court agrees but further finds that Plaintiff's

current cognitive status is an additional reason not to permit Plaintiff's case to be litigated by *himself.* In the Court's view, Plaintiff's *present* disability—premised largely major cognitive impairments—appears to play a role in his inability to effectively litigate this action. Accordingly, the Court must consider whether to appoint Plaintiff an attorney to represent him.

It is within the discretion of the district court to appoint counsel for indigent plaintiffs in civil cases. *Riddick v. Barber*, 109 F.4th 639, 651 (4th Cir. 2024). Pursuant to 28 U.S.C. § 1915(e)(1), applicable to litigants proceeding *in forma pauperis*, "[t]he court may request an attorney to represent any person unable to afford counsel." Appointing counsel in social security cases is not the norm, but permissible. *See Short v. Comm'r of Soc. Sec.*, No. 2:09CV119, 2009 WL 4798875, at *1 (N.D.W. Va. Dec. 7, 2009) (citing cases). However, "[i]t is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)).

In determining whether exceptional circumstances exist, the Court must evaluate "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 162); *see also Brock v. City of Richmond*, 52 F.3d 320, 1995 WL 231832 (4th Cir. 1995) (unpublished table decision) (noting that "[t]o be exceptional, a movant's limitations must be more severe, such as an inability to read or write effectively."). "If both questions are answered affirmatively, the case presents exceptional circumstances." *Jenkins*, 109 F.4th at 247 (finding Plaintiff's physical, mental and intellectual limitations rendered litigant unable to present his claims).

6

Applying these considerations, it is appropriate to appoint counsel for Plaintiff in this action. Plaintiff is proceeding *in forma pauperis* (*see* ECF No. 2), and exceptional circumstances exist warranting the appointment of counsel. First, it appears that Plaintiff could have a colorable claim. *See Jenkins*, 109 F.4th at 247 (defining a colorable claim as "not frivolous"). Plaintiff was found disabled after April 1, 2023, due to communication deficits, major neurocognitive disorder, and Alzheimer's—the effects of which the ALJ found met Listing 12.02 for neurocognitive disorders.[1] Plaintiff appears to claim that the ALJ should have found him disabled as of his alleged onset date, July 2, 2021. *See* ECF No. 15 at 2–4. While the Court makes no determination whether Plaintiff's claim is meritorious, the fact that he was ultimately deemed disabled by the Social Security Administration makes his claim at least colorable.

Second, it appears Plaintiff lacks the capacity to present his claim. Considering the objective complexity of the claim, social security actions are not overly difficult and generally do not require the appointment of counsel. Nonetheless, the "sheer complexity of the Social Security system and its regulations" may "render[] many of the questions raised difficult." *See Hyatt v. Sullivan*, 711 F. Supp. 833, 835 (W.D.N.C. 1989). However, considering Plaintiff's subjective abilities, it appears Plaintiff has very little ability to litigate his claim. Plaintiff is currently disabled due to impairments including communication deficits, major neurocognitive disorder, and Alzheimer's. Due to the nature of those impairments, the Court can assume they have not improved in the last two years, and quite possibly may have worsened. That, coupled with the fact that Plaintiff may not have filed anything *himself* in this action, permits the inference that he has

---

[1] The ALJ found that on that date, Plaintiff met the criteria for the Listing 12.02 relating to neurocognitive disorders. R. at 36–40 (R. refers to the Administrative Record, which was filed under seal on January 23, 2025, ECF No. 9).

little ability to do so due to his current disability.

In sum, Plaintiff presents exceptional circumstances warranting the appointment of counsel in this action.[2] The Court therefore **RECOMMENDS** Plaintiff be appointed counsel to present his claim for the requested relief.

### III.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion to Dismiss, ECF No. 12, be **DENIED**, and **RECOMMENDS** that Plaintiff be appointed counsel to represent him in this action. The Court further **RECOMMENDS** that once counsel is appointed, the Court enter a new briefing order to allow counsel to file a brief for the requested relief on Plaintiff's behalf.

### IV.  REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is

---

[2] If counsel is appointed to represent Plaintiff, counsel should consider whether it is appropriate for "a general guardian or similar fiduciary" to sue on behalf of Plaintiff. *See* Fed. R. Civ. P. 17(c).

made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Plaintiff and the Commissioner.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 15, 2025