.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RAHUAL W.,

       Plaintiff,

v.                                                              Civil No. 2:25cv49

FRANK BISIGNANO, Commissioner
of Social Security,

       Defendant.

<u>FINAL ORDER</u>

    Rahual W. ("Plaintiff")[1] seeks judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying in part Plaintiff's claim for benefits under the Social Security Act. ECF Nos. 3, 23. The United States Magistrate Judge assigned to this case issued a Report and Recommendation ("R&R") recommending that the Commissioner's decision be vacated and remanded. ECF No. 26. The Commissioner timely objected. ECF No. 27.

    For the reasons set forth below, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** the R&R, **VACATES** the final decision of the Commissioner, and **REMANDS** the case for further consideration consistent with the R&R and this Final Order.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases.

## A. Procedural Background

This matter was referred to a United States Magistrate Judge to prepare and submit an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 10. Upon the Magistrate Judge's recommendation, ECF No. 19, the Court denied the Commissioner's motion to dismiss and appointed counsel to assist Plaintiff. ECF No. 20. By such counsel, Plaintiff then filed a brief arguing that the Commissioner "erred in determining the established onset date of [Plaintiff's] disability" and asking the Court either to modify the Commissioner's decision "to reflect disability commencing on July 2, 2021," rather than April 1, 2023, or to "remand for reconsideration." ECF No. 23, at 3.

On January 23, 2026, the Magistrate Judge issued a detailed R&R recommending that the Commissioner's final decision be vacated and remanded. ECF No. 26. The R&R gave notice to each party of the right to file written objections. Id. at 23.

On February 6, 2026, the Commissioner advanced two such objections. ECF No. 27. First, the Commissioner objects to the Magistrate Judge's conclusion that the administrative law judge ("ALJ") erroneously failed to consider certain medical evidence predating the alleged onset of Plaintiff's disability. See id. at 2-3. Second, the Commissioner objects to the Magistrate Judge's finding that the ALJ erred in "evaluat[ing] Plaintiff's subjective allegations" by "requir[ing] objective evidence to substantiate"

2

them.  Id. at 4-5.  Plaintiff filed a timely response opposing the Commissioner's objections.  ECF No. 28.  The matter is now ripe for this Court's review.

### B. Standard of Review

On consideration of a dispositive motion that was referred to a Magistrate Judge, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1)(C).  "To trigger de novo review" of a given issue in the Magistrate Judge's recommended disposition, "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).  Otherwise, a district court reviews a Magistrate Judge's recommendation "for clear error only."[2]  Id. (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)).

In an appeal from an agency denial of Social Security benefits, this Court's review "is limited to determining whether the [agency's] findings . . . are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907

---

[2] Here, the Court perceives no clear error in any part of the R&R to which no proper objection has been made.  Elijah, 66 F.4th at 460.

F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Although the substantial evidence standard demands "more than a mere scintilla," it requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (citations omitted); accord Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023) (quoting Biestek, 587 U.S. at 103).

On review, this Court does not "'re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment' for the ALJ's." Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, this Court asks "whether the ALJ examined all relevant evidence" and "offered a sufficient rationale in crediting certain evidence and discrediting other evidence." Drumgold v. Comm'r of Soc. Sec., 144 F.4th 596, 605 (4th Cir. 2025) (quoting Shelley C. v. Comm'r of Soc. Sec. Admin., 61 F.4th 341, 353 (4th Cir. 2023)). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Oakes, 70 F.4th at 212 (quoting Arakas, 983 F.3d at 95); see also Drumgold, 144 F.4th at 605 (similar). Remand to the agency is warranted if this Court "see[s] an error [and] find[s] it harmful." Drumgold, 144 F.4th at 605 n.9 (citations omitted).

4

## C. Discussion

### 1. The ALJ's Failure To Consider Evidence Predating Plaintiff's Alleged Disability Onset

The Commissioner first objects to the Magistrate Judge's conclusion that the April 1, 2023, "established onset date" of Plaintiff's disability is "without substantial evidence" because the ALJ "did not appear to consider" medical evidence from Plaintiff's 2020 neurology consultations. ECF No. 26, at 13-17.

If such evidence "long predated Plaintiff's alleged disability," it might be of more "limited relevance." Chandra T.G. v. O'Malley, No. 2:23cv495, 2025 WL 756541, at *3 (E.D. Va. Mar. 10, 2025). But the neurology consultations at issue here only predated Plaintiff's alleged onset date — July 2, 2021 — by about one year. See R. 461-62, 468.[3] Moreover, for the reasons the Magistrate Judge thoroughly explained, ECF No. 26, at 15-17, this evidence of Plaintiff's neurological health, including his then-suspected Alzheimer's disease, R. 468, was "obviously probative" of Plaintiff's asserted disability. Lewis v. Saul, No. 5:19cv2298, 2021 WL 1040512, at *3 (D.S.C. Mar. 18, 2021) (citing Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984)). The ALJ should have considered such evidence. See Cotton v. Colvin, No. 5:14cv425, 2015 WL 5714912, at *3 (E.D.N.C. Sept. 29, 2015) ("Where evidence predating the alleged date of disability is made part of

---

[3] Citations to "R." refer to the administrative record, which was filed under seal. See ECF No. 9.

the record, the regulations require the Commissioner to consider that evidence." (citing 20 C.F.R. § 404.1520(a)(3))).

Rather than dispute this requirement, the Commissioner insists the ALJ satisfied it. In the Commissioner's view, the ALJ did consider "earlier evidence — even if not by directly citing to the records — by virtue of references to prior administrative medical findings, which were based on a review of all prior medical and other evidence in the record at the time." ECF No. 27, at 2.

"[T]here is," as the Commissioner observes, id., "no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." Reid v. Commm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014) (citation omitted). Still, a "failure to acknowledge . . . a substantial portion of the record," such as a medical provider's relevant "treatment notes," may "warrant[] remand." Hawkins v. Saul, 796 F. App'x 159, 162 (4th Cir. 2019) (citing Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019)).

Here, the Commissioner emphasizes the ALJ's discussions of the "administrative medical findings" of two state agency consultants and the medical opinion of a psychological consultant, each of which purportedly incorporated the 2020 neurological consultation evidence at issue. See ECF No. 27, at 2-3; R. 32-33. But the Commissioner fails to explain how an ALJ's reliance, however "reasonable and well-articulated," ECF No. 27, at 3, on the opinions or findings of certain medical sources might

indirectly satisfy the ALJ's independent obligation to "review all of the evidence relevant to [a] claim."[4]  20 C.F.R. § 404.1520b.

When the ALJ did fleetingly refer to the 2020 consultation evidence directly, she deemed it, without elaboration, inconsistent with the subsequent medical opinions of Plaintiff's neurologist. See R. 33-34.  This cursory treatment of the evidence falls short of "the analysis needed for [this Court] to review meaningfully" the ALJ's conclusions. Rogers v. Kijakazi, 62 F.4th 872, 881 (4th Cir. 2023).

The ALJ either "ignored" the 2020 consultation evidence, or "considered and discounted that evidence for reasons that were not explained." Id.  In either case, the Magistrate Judge correctly concluded that "remand is warranted for the ALJ to properly consider all evidence in the record . . . in establishing Plaintiff's disability onset date."  ECF No. 26, at 17; see Drumgold, 144 F.4th at 605 (explaining that the ALJ must "examine[] all relevant evidence" and "offer[] a sufficient rationale" in weighing it (quoting Shelley C., 61 F.4th at 353)).  The Court thus overrules the Commissioner's first objection.

---

[4] The Commissioner invokes Sizemore v. Berryhill, 878 F.3d 72, 80-81 (4th Cir. 2017), but that case is inapposite.  There, the claimant argued in relevant part that the ALJ "improperly ignored certain limitations recognized by the State agency psychologist, despite purporting to give that psychologist's report 'significant weight.'" Id. at 74.  Before finding that the psychologist's opinion in fact supported the ALJ's conclusion, the Fourth Circuit recounted that the ALJ had considered "opinion evidence" in addition to, not in lieu of, "the medical record." Id. at 80.  In other words, the Sizemore ALJ did not make the error that the ALJ here committed.

### 2. The ALJ's Improper Evaluation of Plaintiff's Subjective Allegations

The Commissioner also objects to the Magistrate Judge's conclusion that the ALJ erred in her evaluation of Plaintiff's "subjective complaints." ECF No. 26, at 19-21. Such an evaluation is properly conducted in two steps: The ALJ must (1) determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to produce the claimant's alleged symptoms," and then, if so, (2) "assess the intensity and persistence of the alleged symptoms to determine . . . whether the claimant is disabled." Arakas, 983 F.3d at 95 (citations omitted). The Magistrate Judge identified three flaws in the ALJ's second-step analysis. ECF No. 26, at 19.

First, the Magistrate Judge found that the ALJ "disregarded Plaintiff's subjective complaints only because the objective medical evidence did not substantiate them." Id.; Arakas, 983 F.3d at 95 ("[T]he ALJ . . . may 'not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate' them." (citation omitted)). In particular, when the ALJ first detailed Plaintiff's hearing testimony, the ALJ characterized it as "not entirely consistent with the medical evidence." R. 28. But the ALJ described that same testimony as "reasonably consistent with the medical evidence" once a "speech

8

therapy visit in April 2023" had "document[ed]" Plaintiff's "decline." R. 37-38. Thus, the ALJ at the very least appears to have impermissibly "discredited" Plaintiff's hearing testimony "solely because" the ALJ found it to be "not substantiated by objective evidence" prior to April 2023. Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (quoting Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996)). The Commissioner's conclusory objection to the contrary, which is unsupported by any citation to the ALJ's opinion, see ECF No. 27, at 4, is unpersuasive.

Second, the Magistrate Judge found that the ALJ improperly considered evidence of Plaintiff's ability to engage in certain daily activities as ostensible disproof of Plaintiff's disability. ECF No. 26, at 20. The ALJ repeatedly juxtaposed Plaintiff's numerous reported symptoms of neurological decline with his reported ability to engage in four discrete activities. See, e.g., R. 25 ("The claimant reported that he has a lot of trouble remembering things, and it causes him to become very anxious; he takes his phone everywhere he goes to help him remember what he needs to do on a daily basis; he needs constant reminders to finish a task at hand; he needs special reminders to take care of his personal needs and grooming; he needs help or reminders taking medicine; he forgets spoken instructions; and he has a lot of trouble remembering things . . . . However, the claimant also reported that he shops in stores; he is able to count change; he

9

reads; and he watches movies."). The contradiction the ALJ seems to perceive is not at all apparent. Cf. Arakas, 983 F.3d at 99 ("[T]he ALJ failed to adequately explain how [the claimant's] limited ability to carry out daily activities supported [the ALJ's] conclusion that [the claimant] could sustain an eight-hour workday."). The Commissioner now claims that "[t]he ALJ appropriately cited Plaintiff's activities to show inconsistencies with certain allegations." ECF No. 27, at 5 (citing Ladda v. Berryhill, 749 F. App'x 166 (4th Cir. 2018)). But this impeachment rationale is unavailing because the ALJ "provided no explanation as to how those particular activities" could support an "adverse credibility finding." Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 263 (4th Cir. 2017).

Finally, the Magistrate Judge found that the ALJ had erroneously "discredited Plaintiff's subjective complaints partly because of his 'conservative treatment . . . for his mental impairments.'" ECF No. 26, at 21 (quoting R. 31). The ALJ referred broadly to "medications and therapy" as "fairly conservative treatment." R. 31. But the ALJ did not explain what "non-conservative treatment options" Plaintiff may have foregone. Arakas, 983 F.3d at 102 (citation omitted)).

Because these errors warrant the ALJ's reconsideration, the Commissioner's second objection is also overruled.

10

## D. Conclusion

For the foregoing reasons, the R&R, ECF No. 26, is **ADOPTED**, the Commissioner's objections thereto, ECF No. 27, are **OVERRULED**, and the final decision of the Commissioner is **VACATED** and **REMANDED** for further consideration consistent with the R&R and this Final Order.

The Clerk is requested to forward a copy of this Final Order to all counsel of record.

**IT IS SO ORDERED.**

_____ /s/ Mark S. Davis
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 25 , 2026

11